# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31022
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2016

Lyle W. Cayce
Clerk

ROMERICUS STEWART,

      Plaintiff - Appellant

v.

BROWNGREER, P.L.C.; ROBERT HALF INTERNATIONAL,
INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1980

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

From October 2012 through February 2013, Plaintiff–Appellant Romericus Stewart worked as a "temp to perm" employee in a call center for Defendant–Appellee BrownGreer, P.L.C. Under this type of employment arrangement, Defendant–Appellee Robert Half International, Inc. (RHI) provided individuals to BrownGreer on a temporary basis with the possibility

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the position would lead to long-term employment with BrownGreer. Stewart alleged that, while working in the call center, he was subjected to harassment due to his sexual orientation, race, and disability.[1] In particular, Stewart claimed that a coworker harassed him based on his sexual orientation by making comments in a high-pitched voice, using a stereotypical hand gesture, and making homophobic comments. Stewart alleged that the discriminatory remarks included coworkers' derogatory comments about "fat people," which Stewart interpreted as coded statements about homosexuals. He also stated that his coworkers made discriminatory comments about his race when they stated that "everyone knows that Martin Luther King Street runs through 'bad' neighborhoods in almost every city in America" and about his disability when they stated that "some people will not get health insurance no matter what." Stewart ultimately filed a written complaint regarding the harassment with BrownGreer. Shortly thereafter, Stewart was placed in remedial training and was not offered permanent employment.

On August 29, 2014, Stewart filed suit, claiming that he was subjected to a hostile work environment and retaliatory discharge, in violation of Title VII of the Civil Rights Act of 1964. BrownGreer and RHI moved for summary judgment on all claims, and the district court granted their motions. Relevant to this appeal, the district court found that Stewart failed to state a prima facie case for either a hostile work environment or a retaliatory discharge. As to Stewart's hostile work environment claim, the court found that, assuming without deciding that sexual orientation is a protected class, the periodic incidents and isolated comments were not sufficiently severe or pervasive to make a prima facie showing of harassment. The court also found that the isolated comments supporting Stewart's claim based on racial or disability

---

[1] Stewart is a HIV-positive, homosexual, African-American male.

discrimination were insufficient as a matter of law. The court further noted that Stewart had failed to provide any evidence supporting his assertion that his coworkers' comments were veiled references to Stewart's sexual orientation or disability. As to Stewart's retaliatory discharge claim, the court found that Stewart failed to show that he engaged in a protected activity because no reasonable person could have believed that the comments reported by Stewart would amount to a violation of Title VII. The court therefore dismissed Stewart's claims with prejudice on November 2, 2015. Stewart timely appealed.

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (quoting *Pierce v. Dep't of the Air Force*, 512 F.3d 184, 186 (5th Cir. 2007)). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "However, conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). "Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*

On appeal, Stewart has only properly appealed the district court's dismissal of his Title VII retaliation claim against BrownGreer.[2] Stewart

---

[2] Stewart's passing mention of his hostile work environment claim is insufficient to adequately brief the issue on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). Moreover, Stewart fails to address the district court's grant of summary judgment for all claims relating to RHI. *See Health Care Serv. Corp. v. Methodist Hosps. of Dall.*, 814 F.3d 242, 251 n.38 (5th Cir. 2016) (noting that issues not adequately raised in the initial brief are waived).

alleges that, after reporting the alleged comments by his coworkers, BrownGreer punished him by forcing him to undergo remedial training and declining to extend an offer of permanent employment. Stewart has failed to show, however, that he engaged in a protected activity under Title VII. To make out a prima facie case of retaliation, a plaintiff must show that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007) (per curiam). While a plaintiff may engage in a protected activity when he informs his employer of an unlawful employment practice, *see* 42 U.S.C. § 2000e-3(a); *Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271, 276 (2009), the plaintiff "must also have had a reasonable belief that [his fellow employees'] comment[s] created a hostile work environment under Title VII," *Satterwhite v. City of Houston*, 602 F. App'x 585, 588 (5th Cir. 2015) (per curiam) (unpublished); *accord Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348–49 (5th Cir. 2007).

Even assuming, *arguendo*, that sexual orientation is a protected class for Title VII claims,[3] Stewart has failed to show that a "reasonable person could have believed" that the actions by his coworkers constituted a violation of Title VII. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (noting that a plaintiff cannot show a Title VII claim from "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998))). The claims predicated on race and disability are similarly insufficient because they are

---

[3] "Title VII in plain terms does not cover 'sexual orientation,'" and we decline to decide here whether a plaintiff "may claim some protection under Title VII." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n.2 (5th Cir. 2015).

based on single, isolated incidents. *See Satterwhite*, 602 F. App'x at 588 ("We have accordingly rejected numerous Title VII claims based on isolated incidents of non-extreme conduct as insufficient as a matter of law."). Moreover, many of the coworkers' statements that Stewart relies on to support his claims are facially innocuous, and he has failed to present evidence supporting his interpretation of those statements as discriminatory. *See RSR Corp.*, 612 F.3d at 857 (stating that "unsubstantiated assertions cannot defeat a motion for summary judgment"); *cf. EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 243–44 (5th Cir. 2016) (holding that facially discriminatory statements by a supervisor were sufficient to raise a genuine dispute as to whether a reasonable person could have believed the conduct violated Title VII). Because Stewart has failed to show that a reasonable person could have believed that the incidents constituted violations of Title VII, he has failed to establish a prima facie case of retaliation. *Satterwhite*, 602 F. App'x at 589. The district court therefore did not err in granting BrownGreer's motion for summary judgment.

For the foregoing reasons, we AFFIRM the judgment of the district court.